**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Devion Grant Cotton-Blackburn,

Plaintiff,

Case No. 26-13446
Honorable Gershwin A. Drain

v.

Gerald Leonard, *et al.*,

Defendants.
_______________________________/

## OPINION AND ORDER OF PARTIAL DISMISSAL

Plaintiff Devion Grant Cotton-Blackburn, a prisoner in the custody of the Michigan Department of Corrections (MDOC), has filed a complaint under 42 U.S.C. § 1983. He names as Defendants corrections officer Gerald Leonard, Michigan State Police Sergeant Benjamin Rowell, and Alanna Schnell. Plaintiff, who is proceeding *pro se*, claims that Leonard planted a weapon on him and falsely accused him of possessing it, resulting in segregation and a criminal prosecution that ended in acquittal. He also challenges Rowell's handling of the investigation and Schnell's alleged failure to disclose video evidence, accurately report the incident, and testify honestly.

For the reasons explained below, the Court dismisses the federal claims against Rowell and Schnell and dismisses the state law claims against them without

prejudice. The Court also dismisses Plaintiff's procedural due process, equal protection, and prison-cell privacy claims and denies his request to compel a criminal prosecution. Plaintiff's Fourth Amendment fabrication-of-evidence and Fourteenth Amendment substantive due process claims against Leonard may proceed.

## I. Legal Standard

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to screen the complaint and dismiss any portion that is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief;" as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).

To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court accepts well-pleaded factual allegations as true, it need not accept legal conclusions couched as factual allegations. *Id.* at 678-79.

To state a federal civil rights claim, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. The Complaint

Plaintiff alleges that Leonard planted a weapon on him at the St. Louis Correctional Facility and submitted a false misconduct accusation. (ECF No. 1, PageID.34.) He identifies August 21, 2023, as the date of the incident. (*Id.* at PageID.35.) He maintains that a camera recorded the incident. (*Id.* at PageID.34, 37.) Plaintiff claims that Leonard's conduct caused him to be criminally prosecuted.

(*Id.*) A May 15, 2025 letter from his criminal defense attorney, attached to the complaint, states that Plaintiff was found not guilty following a jury trial. (*Id.* at PageID.47.) As a result of Leonard's accusation, Plaintiff spent approximately seven months in segregation. (*Id.* at PageID.37.) He alleges that he lost family contact while in segregation, experienced emotional distress, and was injured by use of a black box restraint.[1] He also alleges a lack of Vitamin D from being held in segregation. *Id.*

Plaintiff alleges that Michigan State Police Sergeant Rowell supported Leonard's account, acted in bad faith, failed to conduct a criminal investigation, and failed to bring charges against Leonard. (*Id.* at PageID.34, 36.) He specifically alleges that Rowell viewed the recording and knew Plaintiff had been framed. (*Id.* at PageID.36.)

Alanna Schnell is also named as a Defendant. She is identified as an MDOC employee working at the St. Louis Correctional Facility, but Plaintiff does not provide her title or job responsibilities. He claims that Schnell failed to alert "the powers that be" that a video existed showing what he describes as obstruction of

[1] A black box restraint is a "shield or box placed around handcuffs to keep prisoners from tampering with the handcuffs." *Whorton v. DeAngelo*, No. 21-11046, 2023 WL 6546668, at *5 (E.D. Mich. Aug. 15, 2023), report and recommendation adopted, No. 21-11046, 2023 WL 6367685 (E.D. Mich. Sept. 29, 2023).

justice. (*Id.* at PageID.34.) He also alleges that Schnell failed to properly investigate the incident and failed to "put[] the bad actions of all bad actors in her institutional report." (*Id.* at PageID.36.) Finally, he claims that she "failed to testify honestly" about Leonard's actions. (*Id.*)

Plaintiff seeks monetary damages and asks that Leonard be investigated and prosecuted.

## III. Discussion

### A. Claims Against Sergeant Benjamin Rowell

Plaintiff claims that Michigan State Police Sergeant Benjamin Rowell refused to document Leonard's actions and failed to bring criminal charges against Leonard even after viewing the video and learning that Plaintiff had been framed. (ECF No. 1, PageID.36.)

The Court accepts Plaintiff's allegation that Rowell viewed the recording and knew that the weapon had been planted. Knowledge of another official's misconduct, however, does not by itself establish that Rowell personally caused a deprivation of Plaintiff's federal rights. *See Iqbal*, 556 U.S. at 676.

Plaintiff alleges that Rowell supported Leonard's account and acted in bad faith, but he does not identify a false statement Rowell made, an investigative report Rowell fabricated, evidence Rowell withheld from a decisionmaker, or another

action by Rowell that caused or prolonged Plaintiff's segregation or prosecution. Describing Rowell's conduct as "bad faith" does not, without supporting facts, allege the required personal participation and causal connection. *See Iqbal*, 556 U.S. at 678–79.

Plaintiff's claim based on Rowell's failure to bring criminal charges also fails because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

Accordingly, Plaintiff fails to state a federal claim against Rowell.

**B. Claims Against Alanna Schnell**

The claims against Alanna Schnell are likewise insufficient. A plaintiff seeking relief under § 1983 must allege that each defendant, through the defendant's own conduct, violated the plaintiff's federal rights. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) ("[A] complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights.").

Plaintiff states that Schnell failed to "testify honestly about the unlawful actions of Gerald Leonard and continued to obstruct justice by not putting the bad actions of all bad actors in her institutional report, along with failed investigation tactics." (ECF No. 1, PageID.36.) But he does not identify the testimony he contends was false, describe a particular false statement or material omission in Schnell's

institutional report, or explain how her investigation or report caused a deprivation of his federal rights. An official's failure to act or investigate does not constitute personal involvement in the underlying misconduct. *See Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) ("[A] mere failure to act will not suffice to establish supervisory liability.") (citations omitted).

Plaintiff also alleges that Schnell failed to alert higher-level officials to a recording of the incident, which he alleges supports his claim that Leonard planted the weapon. But the complaint does not explain when Schnell learned of the recording, whether she possessed or controlled it, or how her failure caused a particular constitutional deprivation.

Plaintiff fails to provide factual allegations that would support a finding that Schnell engaged in any "active unconstitutional behavior" rather than a "mere failure to act." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (cleaned up). Without facts connecting Schnell's own conduct to a constitutional deprivation, the general assertions that she obstructed justice and failed to investigate do not state a plausible claim.

Accordingly, Plaintiff fails to state a federal claim against Schnell.

**C. Due Process**

Plaintiff alleges violations of his right to due process. He does not identify whether he asserts a procedural due process claim, a substantive due process claim, or both. The Court therefore will address both.

i. Substantive Due Process

The Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV. "Substantive due process 'prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty.'" *Prater v. City of Burnside*, 289 F.3d 417, 431 (6th Cir. 2002) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)). The Sixth Circuit has held that framing an inmate by planting evidence may violate substantive due process where a defendant's conduct shocks the conscience and constitutes an "egregious abuse of governmental power." *Cale v. Johnson*, 861 F.2d 943, 950 (6th Cir. 1988).

Plaintiff alleges that Leonard planted evidence and falsely accused him of possessing a weapon, causing approximately seven months in segregation and a criminal prosecution. Taken as true, those allegations are sufficient to permit the substantive due process claim against Leonard to proceed beyond initial screening.

ii. Procedural Due Process

Plaintiff alleges that Leonard's false accusation caused him to spend approximately seven months in segregation. He also alleges loss of family contact, a lack of vitamin D, restraint-related injuries, and psychological harm. (ECF No. 1, PageID.37.) A prison disciplinary sanction may implicate a protected liberty interest if it "will inevitably affect the duration of [a prisoner's] sentence" or the resulting restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 486-87 (1995). Whether segregation implicates a protected liberty interest depends on both its duration and its conditions. *See Harden-Bey v. Rutter*, 524 F.3d 789, 793-95 (6th Cir. 2008). Even assuming that Plaintiff's segregation implicated a protected liberty interest, however, the complaint does not allege facts identifying a denial of constitutionally adequate procedures.

Plaintiff does not describe the disciplinary proceedings, identify an opportunity to contest the accusation that he was denied, or allege that he was deprived of required review of his continued segregation. Although he alleges that video evidence supported his account and that officials failed to disclose it, he does not connect those allegations to the denial of an opportunity to present evidence or otherwise contest his placement.

A false misconduct accusation does not, without a denial of adequate procedural protections, establish a procedural due process violation. *See Cromer v. Dominguez*, 103 F. App'x 570, 573 (6th Cir. 2004). Plaintiff's allegations that Leonard deliberately planted evidence remain relevant to the evidence-planting claims, but they do not, as pleaded, plausibly state a separate procedural due process claim. Accordingly, the procedural due process claim will be dismissed for failure to state a claim.

**D. Equal Protection**

Plaintiff invokes the Equal Protection Clause but does not allege facts supporting intentional discriminatory treatment. (ECF No. 1, PageID.37.) The complaint identifies no discriminatory classification, similarly situated persons who received different treatment, or other factual basis for a plausible equal protection claim. A conclusory reference to equal protection is insufficient. Accordingly, the equal protection claim will be dismissed for failure to state a claim.

**E. Fourth Amendment**

Plaintiff also invokes the Fourth Amendment and asserts a right to be safe in his "own bed." (ECF No. 1, PageID.33.) To the extent he asserts a Fourth Amendment privacy interest in his prison cell, that claim fails. A prisoner has no legitimate expectation of privacy in his cell, and the Fourth Amendment's

prohibition against unreasonable searches does not apply within the cell. *Hudson v. Palmer*, 468 U.S. 517, 525–26 (1984).

But Plaintiff's Fourth Amendment allegations are not necessarily limited to a privacy interest in his cell. Liberally construed, the complaint also asserts that Leonard fabricated evidence by planting a weapon and falsely attributing its possession to Plaintiff, causing a deprivation of liberty and a criminal prosecution. A Fourth Amendment fabrication-of-evidence claim may arise when a prosecution is initiated based on fabricated evidence. *Clark v. Abdallah*, 131 F.4th 432, 447 (6th Cir. 2025). At this preliminary stage, the Court construes those allegations as asserting a Fourth Amendment fabrication-of-evidence claim in addition to the substantive due process claim discussed above and will permit that claim to proceed against Leonard.

Accordingly, any Fourth Amendment claim based on a privacy interest in Plaintiff's prison cell will be dismissed. The Fourth Amendment fabrication-of-evidence claim will proceed beyond initial screening.

**F. State Law Claims**

Plaintiff also claims that Defendants' actions violated state law. His allegations include references to trespass, slander, and defamation. (ECF No. 1, PageID.33, 37.) Claims under § 1983 can be brought only for "deprivations of rights

secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co*., 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995). Accordingly, the alleged violations of state law do not independently state a claim under § 1983.

In determining whether to retain supplemental jurisdiction over state law claims, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc*., 994 F.2d 1178, 1182 (6th Cir. 1993). The decision whether to exercise supplemental jurisdiction is "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc*., 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)).

With respect to Defendants Schnell and Rowell, because Plaintiff's federal claims against these Defendants will be dismissed, the Court declines to exercise supplemental jurisdiction over the state law claims against them.

**G. Request for Criminal Prosecution**

Plaintiff asks that Leonard be investigated and prosecuted. A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another person. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). To the extent Plaintiff asks this Court to compel criminal prosecution, that request is denied.

## IV. Conclusion

For the reasons stated, the Court **DISMISSES** Plaintiff's federal claims against Defendants Schnell and Rowell for failure to state a claim and **DISMISSES** the state law claims against them without prejudice. Because no claims remain against these Defendants, the Court **DISMISSES** Schnell and Rowell from this action. The Court also **DISMISSES** Plaintiff's procedural due process, equal protection, and Fourth Amendment prison cell privacy claims for failure to state a claim and **DENIES** his request to compel criminal prosecution.

Plaintiff's remaining claims may proceed against Defendant Gerald Leonard.

**IT IS SO ORDERED.**

Dated: November 4, 2026

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge